# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY
# VICINAGE OF NEWARK

## Civil Action



| | |
|---|---|
| Frederick Stampone, Pro Se | WILLIAM G. BASSLER, U.S.D.J |
| Plaintiff | |
| | Civil Action No. 2: 02 cv 01229 (WGB) |
| -vs- | |
| Carpenters Local Union # 15, | |
| James Romaine (President), | |
| John Hook (President), | |
| International Brotherhood of Carpenters, | |
| Douglas J. McCarron (General President) | |
| Defendant(s) | |

**PLAINTIFF BRIEF OPPOSITION AND OBJECTION TO DEFENDANTS LETTER BRIEF/ BRIEF FOR A JUDGEMENT**
   **AND**
**PLAINTIFF BRIEF ENTITLED TO JUDGEMENT FILED NO PRO THONG IN SUPPORT OF PLAINTIFF FINAL PRETRIAL ORDER AND MOTIONS FOR JUDGEMENT PREVIOUS FILED ON OCTOBER 15, 2003 AS A MATTER OF LAW AVAILABLE UNDER RULE 50(A) OF THE FEDERAL RULES OF CIVIL PROCEDURE**
   **AND**
**PLAINTIFF CLAIM FOR JUDGEMENT FOR AMOUNT DEMANDED IN COMPLAINT BY MISTRIAL AS A MATTER OF LAW AVAILABLE UNDER RULE 50(A) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

By: Frederick Stampone Pro Se
   347 7th Street
   Carlstadt, NJ 07072
   Phone # (201) 933-0748

**Note:**
1. Plaintiff is pro se and he did not know about Rule 50(A) until January 13, 2004 or he would have filed this brief with his Final Pretrial Order and Motion for Judgement. Plaintiff filed this brief No Pro Thong in support of plaintiff Final Pretrial Order and Motions for Judgement previous filed on October 15, 2003.

2. Pro Se Plaintiff Stampone relies on Final Pretrial Order and all of its exhibits previous filed in this court in support of this Brief.
3. Entire Final Pretrial Order and all of its exhibits previous filed in this court is to be used as an exhibit label # 100 in this Brief. Plaintiff did not file Final Pretrial Order with this brief in order not to burden this court with duplicate papers.
4. The words Final Pretrial Order through out this brief shall refer to, Final Pretrial Order and/or Submissions, Narrative and Objections previous filed by plaintiff on October 15, 2003 that also includes Complaint, Served Summons, and Motion for Judgement.
5. Defendants and this court have taken advantage of Plaintiff Stampone because he is Pro Se and does not know all of the laws and court rules. Judge William G. Bassler is a U.S.D.J. and knows all the laws and court rules. As an U.S.D.J. it is Judge William G. Bassler duty to add in all laws and court rules for the pro se plaintiff in order to preserve the pro se plaintiff rights and enforce our United States Constitution and it Amendments.

## TABLE OF CONTENTS

| | Page # |
|---|---|
| PROCEDURAL HISTORY | 3 |
| STATEMENT OF FACTS | 3-4 |
| LEGAL ARGUMENT | 5 |
| OPPOSITION AND OBJECTION THE COURT MUST REJECT, SQUASH, DISMISS DEFENDANT LETTER BRIEF SUBMITTED ON OR ABOUT JANUARY 14, 2004 and PRETRIAL ORDER SUBMISSION BY ATTORNEY JASON E. SOKOLOWSKI AS A MATTER OF LAW UNDER RULE 50 (a) | 6-7 |
| PLAINTIFF IS ENTITLED TO JUDGMENT IN HIS FAVOR AND AGAINST ALL DEFENDANTS IN THE AMOUNT DEMANDED IN THE COMPLAINT AS A MATTER OF LAW UNDER RULE 50 (a) | 7-8 |
| PLAINTIFF CLAIM FOR JUDGEMENT FOR AMOUNT DEMANDED IN COMPLAINT BY MISTRIAL AS A MATTER OF LAW AVAILABLE UNDER RULE 50(A) OF THE FEDERAL RULES OF CIVIL PROCEDURE | 9-10 |
| PLAINTIFF IS ENTITLED TO ATTORNEY'S FEES AS A MATTER OF LAW UNDER RULE 50 (A) | 10 |
| CONCLUSION | 10-12 |
| PROOF OF SERVICE | 13 |

PROCEDURAL HISTORY

In support of procedural history plaintiff relies on Entire Final Pretrial Order and/or Submissions, Narrative and Objections previous filed by plaintiff on October 15, 2003 that also includes Complaint, Served Summons, and Motion for Judgement. Plaintiff did not file Pretrial Order again with this brief in order not to burden this court with duplicate papers.

ALSO

Judge William G. Bassler entered an order dismissing International Brotherhood of Carpenters, and Douglas J. McCarron (General President).

**At This Point in Time,**
At This Point in Time Plaintiff is a member of the International Brotherhood of Carpenters. At This Point in Time, Plaintiff has not been offered a carpenter job, has not been reinstated, has not been offered membership by Carpenters Local Union # 15. All Defendant(s) listed in the above caption caused and continue to cause the plaintiff all damages listed in the complaint and entire Final Pretrial Order by the neglect of not settling the plaintiff claim and continuing to refuse to settle the plaintiff claim. At This Point in Time it is the responsibility of the International Brotherhood of Carpenters, and Douglas J. McCarron (General President) to settle all differences between a member of the International Brotherhood of Carpenters and a Local Union. Defendants International Brotherhood of Carpenters, and Douglas J. McCarron (General President) never filed an answer to the plaintiff complaint. International Brotherhood of Carpenters, and Douglas J. McCarron (General President) must stay in complaint as a matter of law under rule 50 (a). In order to grant a motion to dismiss, a court must find that the plaintiff will be unable to prevail even if he proves all of the allegations in the complaint. The decision must be based solely on the legal sufficiency of the complaint. See Mortensen v. First Federal Savings and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)

## STATEMENT OF FACTS

In support of statement of facts plaintiff relies on Entire Final Pretrial Order and/or Submissions, Narrative and Objections previous filed by plaintiff on October 15, 2003 that also includes Complaint, Served Summons, and Motion for Judgement. Plaintiff did not file Pretrial Order again with this brief in order not to burden this court with duplicate papers.

ALSO

Plaintiff Stampone disagree and objects to defendant Statement of Facts. Any Fool with half a brain can tell very easily that Defendants and their attorneys have lied and perjured themselves. Their story changes in every Proceeding. I request that you Honorable William G. Bassler read all of these proceedings. These proceedings have been entered and previous filed in the Pretrial Order and/or Submissions.

Plaintiff Stampone relies on the all of the Statement of Facts that have been entered and previous filed in the Pretrial Order and/or Submissions.

## LEGAL ARGUMENT

### THE DEFENDANT IS ENTITLED TO JUDGMENT AS A MATTER OF LAW.

Rule 50 of the Federal Rules of Civil Procedure, states as follows:

(a) Judgment as a Matter of Law.

> (1) If during a trial by a jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

> (2) Motions for judgment as a matter of law may be made at any time before submission of the case to the jury. Such a motion shall specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment.

F.R.C.P. 50.

According to the United States Supreme Court, in deciding a motion for judgment as a matter of law, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150-51, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). "[A]lthough the court should review the record as a whole; it must disregard all evidence favorable to the moving party that the jury is not required to believe." Id. The Third Circuit has found that the trial judge must determine "whether the evidence and justifiable inferences most favorable to the prevailing party afford any rational basis for the verdict." Bhaya v. Westinghouse Elec. Corp., 832 F.2d 258, 258-59 (3rd Cir. 1987). The motion may be granted if "the record is critically deficient of that minimum quantity of evidence from which a jury might reasonably afford relief." Hopp v. City of Pittsburgh, 194 F.3d 434, 439 (3rd Cir. 1999).

OPPOSITION AND OBJECTION

THE COURT MUST REJECT, SQUASH, DISMISS DEFENDANT LETTER BRIEF SUBMITTED ON OR ABOUT JANUARY 14, 2004 and PRETRIAL ORDER SUBMISSION BY ATTORNEY JASON E. SOKOLOWSKI AS A MATTER OF LAW UNDER RULE 50 (a)

In support of THE COURT MUST REJECT, SQUASH, DISMISS DEFENDANT LETTER BRIEF SUBMITTED ON OR ABOUT JANUARY 14, 2004 and PRETRIAL ORDER SUBMISSION BY ATTORNEY JASON E. SOKOLOWSKI AS A MATTER OF LAW UNDER RULE 50 (a) plaintiff relies on Entire Final Pretrial Order and/or Submissions, Narrative and Objections previous filed by plaintiff on October 15, 2003 that also includes Complaint, Served Summons, and Motion for Judgement. Plaintiff did not file Pretrial Order again with this brief in order not to burden this court with duplicate papers.

ALSO

This court never sent the plaintiff a Change of Attorney Notice so plaintiff alleges that Defendants attorneys Jason E. Sokolowski and Robert A. Fagella are not a license Federal Trial Attorney and is not approved by this court to represent a defendant in this court. Therefore plaintiff strongly objects to this court accepting defendants attorney Jason E. Sokolowski Letter Brief. Plaintiff strongly objects to attorney Jason E. Sokolowski and Robert A. Fagella even being in this court- room. Plaintiff alleges that Defendants attorney Jason E. Sokolowski and Robert A. Fagella are not even an attorney.

Plaintiff strongly objects to this court accepting defendants attorney Jason E. Sokolowski Letter Brief because it does not comply with Federal Rules of Civil Procedure For The United States District Courts. Defendants attorney Jason E. Sokolowski Letter Brief must not be accepted as a matter of law under rule 50 (a). Defendants attorney Jason E. Sokolowski Letter Brief is not in a Brief form. The title on the front cover is not in all capital letters. The Caption is missing on the cover. The court title is even wrong. This defendants Letter Brief is an answer to the plaintiff Motion filed with this court 3 months ago back on October 15, 2003. This defendants Letter Brief is Not Filed On Time, is not accompanied with a Notice of Motion, Certification, Proof of Service, or an Order. This court is constantly bending the law and court rules in the defendants favor. This court must accept the plaintiff Brief as a matter of law under rule 50 (a) because Judge William G. Bassler accepted Defendants shoddy Letter Brief and plaintiff filed this brief No Pro Tong in support of plaintiff Motion for Judgement and Final Pretrial Order. This court must accept the plaintiff Brief filed No Pro Thong as a matter of law under rule 50 (a) because as of this date this court has not made a decision on the Motion that plaintiff filed on October 14, 2003.

Defendants attorneys Jason E. Sokolowski and Robert A. Fagella and this court has caused prejudice to the pro se plaintiff for all of the reasons listed in this Brief, Motion for Judgement and Entire Final Pretrial Order.

      For all the reasons stated in this Brief, Motion for Judgement and Entire Final Pretrial Order the court must reject, squash, dismiss defendant letter brief submitted by defendants Jason E. Sokolowski as a matter of law under rule 50 (a).

## PLAINTIFF IS ENTITLED TO JUDGMENT IN HIS FAVOR AND AGAINST ALL DEFENDANTS IN THE AMOUNT DEMANDED IN THE COMPLAINT AS A MATTER OF LAW UNDER RULE 50 (a)

      In support of Plaintiff Is Entitled To Judgment In His Favor And Against All Defendants In The Amount Demanded In The Complaint As A Matter Of Law Under Rule 50 (a) plaintiff relies on Entire Final Pretrial Order and/or Submissions, Narrative and Objections previous filed by plaintiff on October 15, 2003 that also includes Complaint, Served Summons, and Motion for Judgement. Plaintiff did not file Pretrial Order again with this brief in order not to burden this court with duplicate papers.

ALSO

      First and foremost, plaintiff has provided a statement of undisputed material facts pursuant to L. Civ. R. 56.1 in plaintiff Final Pretrial Order, Complaint and Motions as a matter of law and genuine issue due exist.

STATEMENT OF UNDISPUTED MATERIAL FACTS
    **At This Point in Time** Plaintiff is a current member of the International Brotherhood of Carpenters. At This Point in Time, Plaintiff has not been offered a carpenter job, has not been reinstated, has not been offered membership by Carpenters Local Union # 15. All Defendant(s) listed in the above caption caused and continue to cause the plaintiff all damages listed in the complaint and entire Final Pretrial Order by the neglect of not settling the plaintiff claim and continuing to refuse to settle the plaintiff claim. At This Point in Time it is the responsibility of the International Brotherhood of Carpenters, and Douglas J. McCarron (General President) to settle all differences between a member of the International Brotherhood of Carpenters and a Local Union. Defendants International Brotherhood of Carpenters, and Douglas J. McCarron (General President) never filed an answer to the plaintiff complaint. International Brotherhood of Carpenters, and Douglas J. McCarron (General President) must stay in complaint as a matter of law under rule 50 (a). In order to grant a motion to dismiss, a court must find that the plaintiff will be unable to prevail even if he proves all of the allegations in the complaint. The decision must be based solely on the legal sufficiency of the complaint. See Mortensen v. First Federal Savings and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)

      This is not an isolated incident but an on going occurrence. Carpenters Local Union # 15 have suspended over 500 members for not paying their dues. (See List of suspended members in Exhibit in plaintiff Pretrial Order) The members work for many years and when they get old the union stops giving them work. The members are unable

to pay their dues because of lack of work. The defendants suspends the members and keep their pension and benefit money. Through out these court proceedings the defendants and even their attorneys have lied perjured and conspiraced.
At this point in time all defendants must be charged with everything listed in plaintiff Final Pretrial Order, Complaint and Motions as a matter of law under Rule 50 (a). At this point in time plaintiff must be compensated for all damages listed in plaintiff Final Pretrial Order, Complaint and Motions as a matter of law under Rule 50 (a), due to the neglect of the defendants.

In a civil action the plaintiff only has to prove reason to believe for only one allegation in his complaint. Plaintiff has proven beyond a reasonable doubt all allegations listed in his complaint through out these proceedings and plaintiff is entitled to judgement in his favor and against all Defendants as a matter of law under Rule 50 (a).

In the Helmsley case a gay man worked only 2 months, was fired, and the court awarded him 3 million dollars.

For all of the reasons stated in this Brief, plaintiff Final Pretrial Order, Complaint and Motions for Judgement the plaintiff is entitled to judgement in his favor and against all Defendants as a matter of law under Rule 50 (a).

### PLAINTIFF CLAIM FOR JUDGEMENT FOR AMOUNT DEMANDED IN COMPLAINT BY MISTRIAL AS A MATTER OF LAW AVAILABLE UNDER RULE 50(A) OF THE FEDERAL RULES OF CIVIL PROCEDURE

In support of **PLAINTIFF CLAIM FOR JUDGEMENT FOR AMOUNT DEMANDED IN COMPLAINT BY MISTRIAL AS A MATTER OF LAW AVAILABLE UNDER RULE 50(A) OF THE FEDERAL RULES OF CIVIL PROCEDURE** plaintiff relies on Entire Final Pretrial Order and/or Submissions, Narrative and Objections previous filed by plaintiff on October 15, 2003 that also includes Complaint, Served Summons, and Motion for Judgement. Plaintiff did not file Pretrial Order again with this brief in order not to burden this court with duplicate papers.

ALSO
Defendants International Brotherhood of Carpenters, and Douglas J. McCarron (General President) never filed an answer to the plaintiff complaint. All defendants failed to answer the plaintiff complaint on time and plaintiff is entitled to amount demanded in the complaint pursuant to Civ. R 12(a)(2) as a matter of law under Rule 50 (a)

**Plaintiff is entitled to amount demanded in the complaint** Pursuant to Defendant(s) failure to answer the plaintiff's complaint pursuant to the Summons prepared by this court (an answer to the complaint which is served on you with this summons, within 20 days after service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The summons does not state

may be or state that Defendant(s) can file for an Extension of time. The summons states judgment **WILL** be taken against you for the relief demanded in the complaint) **as a matter of law under Rule 50 (a)**. That is the Law and this court Rule. Our U.S. ten dollar bill is worth ten dollars because our U.S. citizens trust and believe that it is worth ten dollars. This court should trust and believe in what they write on their own summons or everything in this United States is just one big **LIE**.

**Plaintiff is entitled to amount demanded in the complaint** Pursuant to Defendant(s) failure to file a Pretrial Order **as a matter of law under Rule 50 (a)**.

**Plaintiff is entitled to amount demanded in the complaint** Pursuant to a Mistrial, **as a matter of law under Rule 50 (a)**. This court has constantly throughout this case manipulated Federal Laws and it court rules in Defendant(s) favor.

Plaintiff can not file an appeal to Judge William G. Bassler order in the 3rd circuit until the whole case dismissed. When plaintiff files his appeal in the 3rd circuit the first statement in the list of Demands will be <u>Disbar</u> Judge William G. Bassler.

### PLAINTIFF IS ENTITLED TO ATTORNEY'S FEES AS A MATTER OF LAW UNDER RULE 50 (A)

In support of PLAINTIFF IS ENTITLED TO ATTORNEY'S FEES AS A MATTER OF LAW UNDER RULE 50 (A) plaintiff relies on Entire Final Pretrial Order and/or Submissions, Narrative and Objections previous filed by plaintiff on October 15, 2003 that also includes Complaint, Served Summons, and Motion for Judgement. Plaintiff did not file Pretrial Order again with this brief in order not to burden this court with duplicate papers.

ALSO

Hourly rates are to be determined by reference to prevailing market rates even in cases involving the award of attorney's fees to non-profit legal services organizations. Blum v. Stenson, 465 U.S. 886 (1984). Plaintiff included Statement of Hours Spent Working On This Case in Pretrial Order.

For all of the reasons stated in this Brief, plaintiff Final Pretrial Order, Complaint and Motions for Judgement the plaintiff is entitled to attorney's fees as a matter of law under Rule 50 (a).

### CONCLUSION

For all the reasons stated in this Brief the court must reject, squash, dismiss defendant Letter Brief submitted by defendants Attorney Jason E. Sokolowski dated January 14, 2003 as a matter of law under rule 50 (a).

For all the reasons stated in this Brief the court must accept Pro Se Plaintiff Stampone Brief as a matter of law under rule 50 (a).

For all the reasons stated in this Brief and Final Pretrial Order, Plaintiff is entitle to all damages, lost of income, expenses and attorney fees stated in complaint, this Brief, Pretrial Order and Motions for Judgements as a matter of law under rule 50 (a).

For all the reasons stated in this Brief and Final Pretrial Order Plaintiff is claiming a Mistrial and is entitle to the amount demanded in the complaint.

If is so obvious to anyone who reads all of the papers filed in this case, that Judge William G. Bassler and this court has severely damaged the plaintiff case by doing everything possible to tweak, bend and even manipulate the law and court rules through out this case in the defendants favor. This court has dragged this case out for years conspired, manipulate the law and court rules in order to discourage and wear the plaintiff down and chip away at the plaintiff case until there is nothing left. The plaintiff suffered a lot of physical and emotional damages. Instead of this court compensating the plaintiff for his damages this court throws salt on his wounds and emotional rapes him over and over again. Plaintiff only has to prove reason to believe in a Civil Action and the plaintiff has proved all of his allegations in his Complaint beyond a reasonable doubt over and over again in all his papers filed with this court.

Judge William G. Bassler is a U.S.D.J. and knows all the laws and court rules. As a U.S.D.J. it is Judge William G. Bassler duty to add in all laws and court rules for the pro se plaintiff in order to preserve the pro se plaintiff rights and enforce our United States Constitution and it Amendments.

Judge Madeline Cox Arleo U.S.M.J. gave the Pro se plaintiff only 14 days to complete his Final Pretrial Order and/or Submissions, Narrative and Objections and Motion for Judgement. Judge Madeline Cox Arleo U.S.M.J. gave the defendants attorney months to complete their Submission and they still filed it late. If the defendants attorneys don't follow the court rules or the Judges orders, the Judges just changes the court rules and court orders for them. It takes months and years for this court to make decisions on this case. But plaintiff only has days to complete his work. This court and its Judges represent the United States of America and President George Bush. If this court does not enforce the United States Constitution and it Amendments then it is the United States of America and president Bush that does not enforce the United States Constitution and it Amendments. Then this Court, its Judges, President George Bush and the United States of America are all guilty of using the United States Constitution and it Amendments as a propaganda tool to enslave its people.

In the Helmsley case a gay man worked only 2 months, was fired, and the court awarded him 3 million dollars.

Based upon everything stated in this brief and Final Pretrial Order the **plaintiff is entitled** to judgement in favor of the plaintiff and against the defendants in the amount demanded in the complaint and no less then 300,000 dollars **as a matter of law under Rule 50 (a)**. Plaintiff waited years to be compensated for his damages and that is long enough. If the court fails to do so by Friday February 6, 2004 then the plaintiff will file for relief in the amount of One Trillion Dollars against this Court and its Judges, George Bush (President), United States of America in the International Court of Justice. (The Hague) Plaintiff Stampone trust that Judge William G. Bassler will notify President Bush of this new notice for relief.

Dated: January 20, 2004

By: *Fredrick Stampone*
Fredrick Stampone, Pro Se